IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHEILA DEVERE                                                              PLAINTIFF

v.                                  CIVIL NO. 18-05055

ANDREW SAUL[1], Commissioner                                               DEFENDANT
Social Security Administration

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Sheila Devere, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying her claim for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") under the provisions of Titles II and XVI of the Social Security Act (the "Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her applications on October 16, 2015, alleging an inability to work since February 25, 2015, due to degenerative disc disease, bulging and ruptured discs, knee problems, arthritis, carpal tunnel syndrome, hearing loss, cataracts, and diabetes. (Tr. 21, 275). An administrative hearing was held on February 16, 2017, at which plaintiff appeared with counsel and testified. (Tr. 61-89).

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated on May 22, 2017, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: cervical degenerative disc disease s/p cervical fusion, lumbar degenerative disc disease, right knee osteoarthritis, diabetes mellitus, carpal tunnel syndrome, and hearing loss. (Tr. 18-25). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 25). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can only occasionally stoop, kneel, crouch, crawl, and work overhead. She can have no constant use of the bilateral upper extremities for grasping or fingering. The work must not involve noise above the moderate level as defined in the DOT, and the claimant is limited to hearing and communicating simple instructions on an occasional basis.

(Tr. 25-31). With the help of a vocational expert, the ALJ found Plaintiff had no past relevant work but would be able perform the representative occupations of a housekeeper or a price tag ticketer. (Tr. 31-32).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that

2

supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues in this matter: 1) Whether the ALJ erred by failing to resolve a possible conflict between the vocational expert's testimony and the DOT; and 2) Whether the ALJ erred in finding Plaintiff retained the RFC for a wide range of light work. (Doc. 13). The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 3rd day of September 2019.

          /s/   *Erin L. Wiedemann*
      HON. ERIN L. WIEDEMANN
      UNITED STATES MAGISTRATE JUDGE